**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

In the Matter of:                                           Case No. 06-00763-lmj7

KEN JACKSON,
AMY L. JACKSON,

                Debtors

**MEMORANDUM OF DECISION
(date entered on docket: August 28, 2006)**

On June 23, 2006 Chapter 7 Debtors Ken Jackson and Amy L. Jackson ("Debtors") filed a motion for relief from this Court's June 13, 2006 order deeming this case dismissed pursuant to 11 U.S.C. section 521(i)(1).  In part, this new provision in Title 11 of the United States Code declares a voluntary Chapter 7 consumer case automatically dismissed on the 46th day after the date of the filing of the petition if the debtor fails to file all the information required under 11 U.S.C. section 521(a)(1) in the interim.  Debtors acknowledge that the record as of the 45th day after the petition date was missing at least one of the payment advices required by 11 U.S.C section 521(a)(1)(B)(iv).  Nevertheless they contend their case should be reinstated because the omission was due to an incorrectly numbered payment advice received from one of their employers and they promptly corrected the error upon discovering it.

Having conducted a telephonic hearing on the motion and having reviewed the record in light of a much stricter reading of the recent amendments to Title 11 of the United States Code, this Court now enters its decision vacating the June 13, 2006 Order and Notice of Dismissal but not for the reason advanced by the Debtors.  That is, while the record might support Debtors' excusable neglect argument, that argument is

neither relevant nor material.  Rather, this Court concludes it should not have acted sua sponte because no party in interest filed an 11 U.S.C. section 521(i)(2) request that it enter an order of dismissal.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1334 and the standing order of reference entered by the United States District Court for the Southern District of Iowa.  This is a core matter under 28 U.S.C. section 157(b)(2)(A) and (O).

BACKGROUND

On Friday April 28, 2006 Debtors filed a petition for relief commencing this Chapter 7 case.  The documents Debtors submitted with their petition did not include the Chapter 7 Means Test required by 11 U.S.C. section 521(a)(1)(B)(v) and did not include any copies of payment advices or other evidence of payment they might have received between and including February 27, 2006 and April 27, 2006.  Debtors filed their Chapter 7 Means Test on May 9, 2006.  Debtors filed their respective employee income records on Monday June 12, 2006, the 45th day after the petition date.  The records for Amy L. Jackson did not contain payment advices dated March 24, 2006 (for the pay period beginning on March 5, 2006 and ending on March 18, 2006) and April 7, 2006 (for the pay period beginning on March 19, 2006 and ending on April 1, 2006).

The Clerk of Court's attorney for court services brought the deficient filing to the attention of the Court on June 13, 2006.  Upon reviewing the filings in the case, the Court concluded that the payment advices were not complete.[1]  Accordingly the Court entered the following order:

---

[1] Though Debtors reported in paragraph one (income from employment or operation of business) of their Statement of Financial Affairs that they received no income to date in 2006, they reported on Schedule I

Docket Text Only Order Regarding Failure to Comply with 11 U.S.C. Section 521(a)(1)(B)(iv) (Missing Payment Advices or Other Evidence of Payment Received Within Full 60 Days Before April 28, 2006, the Date of the Filing of the Petition). Finding that Debtor(s) did not comply fully with 11 U.S.C. section 521(a)(1) and that 11 U.S.C. section 521(i)(1) now applies, the Court hereby Orders that: This case is deemed dismissed. Mail service of this docket text only order is waived; however, the Clerk of Court shall serve a Notice of Dismissal on everyone in this chapter case as required by Rule 2002(f)(2) and (k) of the Federal Rules of Bankruptcy Procedure. (Jackwig, Judge Lee) (Entered: 06/13/2006).

(Docket No. 16.)  As instructed, the Clerk of Court served the Notice of Dismissal on the same date.

On June 20, 2006 Debtors filed the missing payment advices,[2] and three days later they filed the pending motion for relief from the order of dismissal.[3]  During a telephonic hearing on the motion on July 11, 2006, the Court discussed with Debtors' attorney and the Assistant United States Trustee for this district the difficulties encountered to date in applying section 521(i) and described the different approach the

---

(current income of individual debtors) that Amy L. Jackson had been employed as a medical assistant with Mercy Care since December 1993.  They stated Ken Jackson was employed as a painter with EMB [sic] Professional Painting but did not indicate for how long he had been so employed. The payment advices Debtors submitted for Ken Jackson from E & B Professional Painting, Inc. were complete.  The ones they submitted for Amy L. Jackson from Mercy Medical Center were not.

[2] Debtors contend in their motion for relief from order that the April 7, 2006 payment advice was in the employee income record they submitted for Amy L. Jackson on June 12, 2006 because "[s]aid record included the pay date of April 15, 2006, and debtor was paid every two weeks."  (Docket No. 20.) Their confusion may be due to two handwritten errors in the June 12, 2006 submission.  That is, "4/1/06 – 4/15/06" on page four should read "4/2/06 – 4/15/06" and "4/15/06 – 4/28/06" on page 5 should read "4/16/06 – 4/28/06."  (Docket No. 15, Part 6.)

[3] Debtors did not argue that their joint case should not have been dismissed as to Ken Jackson.  11 U.S.C. section 302 states:

> (a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse.  The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.
> (b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

11 U.S.C. § 301 (2006).  A review of the schedules in this joint case indicates the estates were properly consolidated.  Parenthetically the Court notes the Chapter 7 Trustee conducted the 11 U.S.C. 341 meeting and filed a no asset report while the motion was pending, even though the Debtors did not serve the motion on everyone in the case.  (See Docket No. 22 and Docket No. 20 respectively.)

Court intended to take in the future.  The Court indicated it would enter and publish a formal memorandum of decision to explain in more detail the basis for that change and to provide notice of that change to parties and practitioners in this district.

APPLICABLE STATUTORY PROVISIONS

Amended 11 U.S.C. section 521(a)(1) provides that:

(a) The debtor shall –
   (1) file –
      (A) a list of creditors; and
      (B) **unless the court orders otherwise**--
         (i) a schedule of assets and liabilities;
         (ii) a schedule of current income and current expenditures;
         (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate--
           (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
           (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
         (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
         (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
         (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

11 U.S.C. § 521(a)(1) (2006) (emphasis added).

Unchanged 11 U.S.C. section 707(a) (3) provides that:

(a) The court may dismiss a case under this chapter **only after notice and a hearing**[4] and only for cause, including—

---

[4] 11 U.S.C. section 102(1) states:
  In this title—
    (1)  "after notice and a hearing", or similar phrase—

. . . .

    (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521,[5] **but only on a motion by the United States trustee.**[6]

11 U.S.C. § 707(a)(3) (2006) (emphasis added).

Unchanged 11 U.S.C. section 1307(c)(9) provides that:

    (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and **after notice and a hearing**, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

    . . . .

    (9) **only on request of the United States trustee**,[7] failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521.[8]

---

    (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
    (B) authorizes an act without an actual hearing if such notice is given properly and if—
        (i) such a hearing is not requested timely by a party in interest; or
        (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.
11 U.S.C. § 102(1) (2006).

[5] This Court assumes the failure to amend 11 U.S.C. section 707(a)(3) to refer to 11 U.S.C. section 521(a)(1) was a drafting oversight.

[6] 11 U.S.C. section 102(9) (2006) states: " In this title— . . . 'United States trustee' includes a designee of the United States trustee."  See also Fed. R. Bankr. P. 9001(12) (stating "'United States trustee' includes an assistant United States trustee and any designee of the United States trustee.")

[7] Rule 9013 of the Federal Rules of Bankruptcy Procedure states:
    A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing.  The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.  Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.
Fed. R. Bankr. P. 9013.

[8] This Court assumes the failure to amend 11 U.S.C. section 1307(c)(9) to refer to 11 U.S.C. section 521(a)(1) was a drafting oversight.

11 U.S.C. § 1307(c)(9) (2006) (emphasis added).

New 11 U.S.C section 521(i) provides that:

(1)  **Subject to paragraphs (2) and (4) and notwithstanding section 707(a),**[9] if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
(2)  Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.
(3)  Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.
(4)  Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3),[10] and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i) (2006) (emphasis added).

DISCUSSION

Since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), this Court has struggled to reconcile the applicable statutory provisions and to enforce them in a reasonable and workable manner. Out of

---

[9] This Court cautiously assumes the failure to reference 11 U.S.C. section 1307(c)(9) was a drafting oversight. (If the omission was intentional, it is not clear how a party in interest that is not a designee of the United States Trustee can step into the shoes of the United States Trustee to request an order of dismissal or how the Court can grant such a request without providing some notice and hearing.) This Court also cautiously assumes the failure to make paragraph (1) of 11 U.S.C. section 521(i) specifically subject to paragraph (3) was a drafting oversight. (If the omission was intentional, it is not clear what benefit a court ordered extension provides if in the interim a party in interest requests an order of dismissal under paragraph (2) with respect to a case described in paragraph (1).)

[10] 11 U.S.C. section 102(5) (2006) states: "In this title— . . . (5) 'or' is not exclusive."

a concern that leaving the monitoring of 11 U.S.C. section 521(i)(1) to parties in interest might result in some cases being dismissed after a chapter trustee had liquidated assets of the estate or after the Court had disposed of a contested matter in the case or an adversary proceeding related to that case, this Court decided to monitor all voluntary Chapter 7 consumer cases and all Chapter 13 cases for compliance with 11 U.S.C. section 521(a)(1) and to enter sua sponte orders deeming noncompliant cases automatically dismissed.

Since most of the cases filed in this district fall into the two targeted categories, this approach has required the attorney for court services and other members of the clerk's office to devote many hours reviewing filings and setting deadlines for follow-up reviews in cases missing one or more of the section 521(a)(1) items.[11]   Review of payment advices has been particularly time-consuming.[12]   Then, as occurred in this case, the attorney for court services has been forwarding noncompliant cases to the Court for final review.  If there is some reason to question a deficiency, the Court has been conducting a hearing to clarify the status of the income record.[13]  If there is not, the Court has been entering a "deemed dismissed" order without notice and hearing.

After finally realizing that the current approach is somewhat reminiscent of clerk of court deficiency notices and court sua sponte dismissals of noncompliant cases

---

[11] During the initial months under BAPCPA, members of the clerk's office alerted filers to potential transmission errors so the filers had an opportunity to correct those errors in a timely fashion. Technically, it is the duty of the filer to check the docket to be sure the record is complete.

[12] Scanning errors by electronic filers result in many income records being incomplete as initially docketed.  Filer confusion over the curious focus of 11 U.S.C. section 521(a)(1)(B)(iv) on evidence of payment received within 60 days of the petition date (not on evidence of payment for work performed within 60 days of the petition date) accounts for a number of other incomplete income records.

[13] For example, this Court has been conducting a hearing if the record suggests incomplete payment advices for a particular job might be due to that job having been temporary in nature.

under the former statutory framework—a procedure this district abandoned a few years ago based on a strict construction of 11 U.S.C. section 707(a)(3) and 11 U.S.C. section 1307(c)(9), this Court has decided it is time to abandon the current sua sponte approach in favor of a strict construction of 11 U.S.C. section 521(i).   Doing so, however, requires overcoming a mind-set that the new section cannot be construed in a manner that will not lead to absurd results.   Indeed, for the reasons set forth below, this Court concludes that the applicable statutory provisions can work in unison.

I.  11 U.S.C. Section 521(1) Deficiency Dismissals Prior to BAPCPA.

In the version of the Bankruptcy Code prior to BAPCPA, section 521(a)(1) was numbered section 521(1) and provided that: "The debtor shall – (1) file a list of creditors, and **unless the court orders otherwise**, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."   11 U.S.C. § 521(1) (2000) (emphasis added).   In the version of the Bankruptcy Code prior to BAPCPA, section 707(a)(3) and section 1307(c)(9) read as they do today.

Despite the plain language of section 707(a)(3) and section 1307(c)(9) indicating a court may dismiss a case only upon the request of the United States Trustee and only after notice and hearing, some courts dismissed cases sua sponte if debtors failed to file the section 521(1) documents within the time periods set forth in federal or local rules or in court notices and orders directing compliance.   See In re Tennant, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004) (citing In the Matter of Meints, 222 B.R. 870, 871-72 (D. Neb. 1998); In re Campbell, 266 B.R. 709, 712 (Bankr. W.D. Ark. 2001); In re Greene, 127 B.R. 805, 807-808 (Bankr. N.D. Ohio 1991); and In the Matter of Welling, 102 B.R.

720, 722 (Bankr. S.D. Iowa 1989).  In taking such action, those courts relied on 11

U.S.C. section 105(a) that provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  **No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.**

11 U.S.C. § 105(a) (2006) (emphasis added).[14]  At least one court declined to utilize its

section 105(a) powers in that manner and issued an opinion nullifying a general order to

the contrary.  In re General Order Governing Dismissal Of Cases And Imposition Of

Sanctions For Incomplete Filings (Standing Motion Of U.S. Trustee To Dismiss

Bankruptcy Cases), 210 B.R. 941 (Bankr. M.D. Pa. 1997).

For many years the Clerk of the Bankruptcy Court in this district issued deficiency

notices that warned debtors their cases would be dismissed without further notice and

hearing unless they fully complied with the section 521(1) requirements by the deadline

set forth in the deficiency notice.[15]  The clerk forwarded any case that remained

---

[14] In further support of its reliance on 11 U.S.C. section 105(a) as amended by Pub. L. No. 99-554, § 203, 100 Stat. 3097 (1986), the Tennant panel cited in passing to Bayer v. Hill (In re Bayer), 210 B.R. 794, 798-99 (B.A.P. 8th Cir. 1997) and Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478-79 (B.A.P. 8th Cir. 1999).  In re Tennant, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004).  Neither the Bayer case nor the Minkes case analyzed or had reason to analyze the premise of sua sponte dismissals based on noncompliance with 11 U.S.C. section 521(1).  In disagreeing with the majority's remand of a sua sponte dismissal that had been based on what the majority held was an unsubstantiated finding that the Chapter 13 plan was filed in bad faith, the dissent in Bayer pointed out that Congress amended section 105(a) to overrule cases like In re Gusam Restaurant Corporation, 737 F.2d 274 (2nd Cir. 1984) that held bankruptcy courts did not have the authority to convert cases sua sponte.  As part of that discussion, the dissent included a quote from another case regarding sua sponte dismissals based on deficient filings.  Bayer, 210 B.R. at 799.  In the Minkes case, the panel reversed a sua sponte dismissal that had issued without notice and hearing and that was based on a Chapter 13 plan being incomplete and incomprehensible.  The panel concluded its opinion by observing that its holding should not hamper a bankruptcy court from dismissing a case for noncompliance with federal rules and forms as long as the court gives the debtor notice of the deficiency and the consequence for not correcting the deficiency.  Minkes, 237 B.R. at 478-79.

[15] This Court's former Local Rule 10(e)(6) provided for dismissal without prejudice and without further notice and hearing if a debtor failed to file either the 11 U.S.C. section 521(1) documents within 15 days of the petition date or, after consulting with the United States Trustee, a motion for extension within eight

noncompliant after the deadline passed to the assigned judge for review.   In most instances the judges would sign form orders dismissing such cases without prejudice. Occasionally a judge would decline to dismiss a case without at least holding a hearing if a party in interest had filed a meritorious objection in response to the deficiency notice or if the judge thought there might be a reason to utilize the "unless the court orders otherwise" provision in section 521(1).   Examples of the former included cases in which the case trustee filed an objection to the deficiency notice based on pending or anticipated objections to exemptions or complaints to recover fraudulent or preferential transfers.   Examples of the latter included cases in which the docket either revealed a pending objection to discharge or contained a notice of related cases that suggested the debtor might be a serial filer only intent on benefiting from the automatic stay to avoid a garnishment or to delay a foreclosure sale by purposely commencing what would turn out to be a section 521(1) deficient case.[16]

The Bankruptcy Court in this district abandoned the deficiency notice procedure a few years ago as a result of preparing to convert to Case Management / Electronic Case Files ("CM/ECF"), the federal judiciary's national case management and electronic filing system. That preparation entailed combing through the Bankruptcy Code sections and the Federal Rules of Bankruptcy Procedure to determine which sections and rules

---

days of the petition date.   (Rule 1007(c) of the Federal Rules of Bankruptcy Procedure then and now requires the designated documents be filed no later than 15 days after the petition date unless a timely motion setting forth cause for an extension is granted. Fed. R. Bankr. P. 1007(c); Interim Fed. R. Bankr. P. 1007(c).)

[16] Catching serial filers by reviewing a docket and checking prior cases was difficult in the non-electronic world.  The Court's move to imaging case documents in early 2000 and then to electronic filing in August 2003 has made monitoring cases for abusive practices much easier.

would require tailored CM/ECF docket events.[17]  Charting the dismissal events brought

to light what had been overlooked for years—that Congress was very specific regarding

who could seek dismissal of a case based on noncompliance with section 521(1).  It

became apparent that this district's deficiency notices and sua sponte dismissals were

not "necessary or appropriate to carry out the provisions of this title" as required by the

first sentence of section 105(a).  Indeed the deficiency procedure and the local rule

upon which the Court gave itself the authority to act were contrary to the plain language

of section 707(a)(3) and section 1307(9)(c), especially when read in comparison with 11

U.S.C. section 707(b).[18]  It should be axiomatic that a court cannot confer upon itself the

right to act when Congress specifically has designated another entity to fulfill a

particular task.[19]  A court "may make and amend rules governing practice and

---

[17] Part 3 of the CM/ECF User's Guide found at www.iasb.uscourts.gov contains charts that track most rules found in the nine parts of the Federal Rules of Bankruptcy Procedure, identify which rules have specific CM/ECF events and describe how those events will be processed.  Dismissal and conversion events are found in Appendix A and Appendix B respectively.

[18] 11 U.S.C. section 707(b), as amended in 1986 and in effect during the time this Court followed the deficiency notice and sua sponte dismissal procedure, provided that a court could dismiss a Chapter 7 case for substantial abuse "on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest."  Pub. L. No. 99-554, § 219, 100 Stat. 3100 (1986).  (As first enacted in 1984, section 707(b) provided that only the court could act sua sponte to dismiss substantially abusive cases.  Pub. L. No. 98-353, § 312, 98 Stat. 355 (1984).  Today's version reads "on its own motion, or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any) or any party in interest."  11 U.S.C. section 707(b) (2006).)

[19] Some courts conclude that the second sentence of 11 U.S.C. section 105(a) gives them sua sponte power to dismiss a case based on deficient filings because Congress added that sentence to section 105(a) in 1986 to overrule decisions that held a court could not act sua sponte when a statute authorized a party in interest to act.  See supra note 14 and text accompanying that note.  For example, in 1980 the Eighth Circuit Court of Appeals commented in passing that "[a]s we read § 1307, a court cannot order dismissal or conversion on its own motion."  Tenny v. Terry (In re Terry), 630 F.2d 634, 636 n.5 (8th Cir. 1980).  That observation, however, addressed the "on request of a party in interest" language found in the introductory portion of section 1307(c) then and now.  Like the entity specific language in section 1307(c)(9), the entity specific language in section 707(a)(3) became part of the Bankruptcy Code by operation of the Bankruptcy Act of 1986 – the same Act of Congress that added the second sentence to section 105(a).  Pub. L. No. 99-554, § 229, 100 Stat. 3103 (1986); Pub. L. No. 99-554, § 219, 100 Stat. 3100 (1986).  Hence, this Court must respectfully disagree with any conclusion that the legislative history indicates a bankruptcy court's sua sponte powers extend to section 707(a)(3) and section 1307(c)(9).  To the contrary, this Court concludes that Congress would have amended section 707(a)(3) and section

procedure in all cases and proceedings...**which are consistent with**—but not duplicative of—**Acts of Congress** and these [federal] rules." Fed. R. Bankr. P. 9029(a) (emphasis added).

After the Court abandoned the deficiency notice procedure, it commenced entering an "Order Regarding Duties of Debtor(s) and Notice Regarding Failure to Abide By This Order" in every case filed in this district.  By setting forth applicable code sections and federal rules, the document was customized to suit the various duties of debtors filing under Chapters 7, 11, 12 and 13.  The order and notice indicated that the United States Trustee or the chapter trustee could request the Court schedule an "Order to Show Cause Hearing Why This Case Should Not Be Dismissed" as necessary. Making it clear that the order was being entered pursuant to section 105(a), the Court warned debtors that a failure to comply fully and timely with the relevant code sections and federal rules could result in the case being dismissed and could result in the imposition of court costs and sanctions.

In cases filed by individuals and family farmers, the Court admonished that dismissal ran the risk of being one with prejudice.[20]  If such a debtor failed to appear at the evidentiary show cause hearing or appeared but failed to persuade the Court that the dismissal should be without prejudice, the Court would enter an Order and Notice of

---

1307(c)(9) in a fashion similar to the way it amended section 707(b) in 1986 if it intended a court to monitor deficiency filings sua sponte.  See supra note 18.

[20] 11 U.S.C. section 109(g)(1), as amended by Pub. L. No. 99-554, § 253, 100 Stat. 3105 (1986), states:
   (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
      (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.
11 U.S.C. § 109(g)(1) (2006).

Dismissal With Prejudice that indicated the debtor was barred from filing under any chapter of the Bankruptcy Code for 180 days. The Clerk of Court would serve that document on everyone in the case and would set a flag in the automated case opening program in order to catch any subsequent premature filing by that debtor. The Clerk of Court would bring such premature filings to the attention of the Court for review and entry of orders voiding such cases ab initio.[21]

II. 11 U.S.C. section 521(a)(1) Deficiency Dismissals Under BAPCPA.

Despite section 707(a)(3) and section 1307(c)(9) providing that a court may dismiss Chapter 7 cases and Chapter 13 cases only upon the request of the United States Trustee and only after notice and a hearing, section 521(i)(1) declares that voluntary Chapter 7 consumer cases shall be dismissed automatically if not compliant with section 521(a)(1) even if the United States Trustee has not pursued dismissal under section 707(a)(3) and even though there has not been any notice and hearing.[22] Despite the plain language of section 521(i)(1) making an automatic dismissal subject to paragraph (2), this Court and some others courts have been making sua sponte determinations regarding compliance with section 521(a)(1). See e.g., In re Conner, No. 06-40061-LMK, 2006 WL 1548620 (Bankr. N.D. Fla. May 16, 2006) (court did not enter an actual order of dismissal because no party in interest requested one, but clerk

---

[21] As a result of the BAPCPA amendments, the Court amended the first day orders used in voluntary Chapter 7 consumer cases and in Chapter 13 cases to include a warning that the case will be dismissed on or about the 46th day after the petition date if the debtor fails to comply timely with 11 U.S.C. section 521(a)(1). The orders otherwise retain the warnings about other dismissals, costs and sanctions. Instead of referring to a motion requesting an order to show cause hearing be scheduled, the amended Chapter 7 order indicates the United States Trustee or Chapter 7 Trustee may file a motion to dismiss, a motion to compel, an objection to discharge or a complaint to revoke discharge if debtor fails to comply with the debtor's duties under the applicable code sections and federal rules. The amended Chapter 13 order indicates the United States Trustee or the Chapter 13 Trustee may file a motion to dismiss or may request other appropriate relief in similar circumstances.

of court issued notice of dismissal soon after the expiration of the 45th day after the petition date when debtor failed to cure the deficiencies set forth in two prior deficiency notices); In re Ott, 343 B.R. 264, 265 (Bankr. D. Colo. 2006) (court issued notice of deficiency that set deadline to cure well within 45 days of the petition date and then entered order dismissing noncompliant case sua sponte two weeks after the 45th day); In re Fawson, 338 B.R. 505 (Bankr. D. Utah 2006) (court issued orders to show cause after the expiration of the 45th day after the petition date in two separate cases and ultimately dismissed the cases effective as of the 46th day, except as to one joint debtor who had not received any payment advices).   But see, e.g., In re Riddle, 344 B.R. 702 (Bankr. S.D. Fla. 2006) (upon sua sponte review, court found case was not subject to automatic dismissal because debtors had complied with section 521(a)(1) and no party in interest had requested an order of dismissal).

Somewhat like the determination that sua sponte dismissals under section 707(a)(3) and section 1307(c)(9) prior to BAPCPA were not adhering to the statutory framework, this Court now concludes that its sua sponte dismissals under section 521(i)(1) have not been giving proper deference to the current statutory scheme.  By not applying its section 105(a) power to 11 U.S.C. section 521(i)(2) and by exercising its right to "order otherwise" under 11 U.S.C. section 521(a)(1)(B), this Court should be able to prevent most abuses of process.[23]

First, while it may be difficult to grasp a concept that something called an "automatic dismissal" is not really automatic, the "subject to" language in section

---

[22] See supra note 9 (first two sentences).

[23] According to Black's Law Dictionary 1242 (8th ed. 2004), "process" in a broad sense of the word means "[t]he proceedings in any action or prosecution."

521(i)(1) has that very effect. "In cases of statutory construction we begin, of course, with the language of the statute." Diamond v. Chakrabarty, 447 U.S. 303, 308 (1980) (citing Southeastern Community College v. Davis, 442 U.S. 397, 405 (1979). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary common meaning.'" Id. (quoting Perrin v. United States, 444 U.S. 37, 42 (1979). According to the current Merriam-Webster Online Thesaurus,[24] the term "subject to" means "determined by something else" as in "dependent" or "being in a situation where one is likely to meet with harm" as in "liable."[25] The former meaning best suits this context. Hence, the automatic dismissal contemplated by paragraph (1) of section 521(i) requires in the first instance that a party in interest will exercise its right under paragraph (2) of section 521(i) to request the court enter an order of dismissal.[26] Then it depends upon the trustee not filing an 11 U.S.C. section 521(i)(4) motion within the next five days asking the court to decline to dismiss the case and, if the trustee files such a motion, upon the court denying that motion.[27]

Indeed, dismissing section 521(a)(1) deficient cases sua sponte may encourage the type of debtor who abused the bankruptcy process prior to BAPCPA to do so again

---

[24] The Merriam-Webster Online Dictionary and Online Thesaurus can be found at www.m-w.com. (The online dictionary did not define "subject to.")

[25] According to Black's Law Dictionary 1425 (6th ed. 1990), the term "subject to" means "liable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable for." (The term does not appear in more recent editions of this dictionary.)

[26] See supra note 7. In the CM/ECF world, the trustee will receive notice of the filing of such a request as soon as it is filed. If the request for an order of dismissal is made in open court, this Court will take whatever steps are necessary to see that the requirements of Rule 9013 of the Federal Rules of Bankruptcy Procedure are met.

[27] In a case in which the only deficiency lies under 11 U.S.C. section 521((a)(1)(B)(iv), this scenario assumes the trustee has not already obtained an order, after notice and hearing, granting a preemptive motion filed pursuant to 11 U.S.C. section 521(i)(4).

under BAPCPA.  While it is true that recent amendments to 11 U.S.C. section 362(c) have impacted the "automatic" in "automatic stay" to such a debtor's detriment, the reality is that such a debtor is likely to take advantage of whatever is available.  In most instances if such a debtor's history includes only one dismissed case within the preceding year, that debtor benefits from at least a 30-day automatic stay as of the commencement of the second case.  11 U.S.C. § 362(c)(3)(A) (2006).  In most instances if such a debtor's history includes more than one dismissed case within the preceding year, no automatic stay goes into effect as of the petition date but that debtor benefits from at least a nuisance factor with respect to all creditors and a confusion factor with respect to creditors who are less sophisticated when it comes to understanding the bankruptcy process.  11 U.S.C. § 362(c)(4)(A) (2006).  Additionally, such a debtor may request the court consider extending the stay in the former case and imposing the stay in the latter case.  11 U.S.C. § 362(c)(3)(B); 11 U.S.C. § 362(c)(4)(B).

Furthermore, dismissing section 521(a)(1) deficient cases sua sponte may aid a debtor whose prepetition planning was lax or whose prepetition activity is suspect or may assist another party in interest that holds property that properly belongs in the bankruptcy estate.  That is, unless the court goes beyond what section 521(i)(1) requires by providing some notice and hearing on the court's intention to enter an order of dismissal pursuant to section 105(a) and section 521(i)(2) and assuming the trustee would have grounds to bring a section 521(i)(4) motion asking the court to decline to dismiss the case, the trustee's ability to pursue an objection to exemption, an objection to discharge or a complaint to recover property would be extinguished.  The result is

that the sua sponte dismissal is entered at the expense of the best interests of creditors and the estate, contrary to the purpose of section 105(a) sua sponte orders.

Thus, assuming for the sake of argument that the reference to "party in interest" in paragraph (2) of section 521(i) permits a court to act sua sponte and that the words "may request the court" in that same paragraph and "on the motion of the trustee....the court may decline to dismiss the case" in paragraph (4) do not mean the court should not act sua sponte, this Court declines to continue to exercise such power.  This change in approach, however, requires the Court to address the limitations of paragraph (4) of section 521(i) when it comes to preventing an abuse of process.

As written, paragraph (4) of section 521(i) limits a trustee's ability to advocate the best interests of creditors and the estate to cases in which payment advices are missing despite a debtor's good faith effort to comply with 11 U.S.C. section 521(a)(1)(B)(iv).  If a deficiency falls under some other prong of section 521(a)(1)(B) or if it falls under the payment advices prong but the debtor did not make a good faith effort to comply with that statutory requirement, paragraph (4) is useless in preventing an abuse of process no matter how outrageous.  For example, a creditor against whom the trustee has commenced a complaint to recover property could thwart that action by taking advantage of some deficiency no matter how inconsequential—like the debtor did not file Schedule H (Codebtors) but the debtor did not have any codebtors and so testified at the 341 meeting of creditors.  Even worse, a debtor who gambled on no one noticing an intentionally omitted payment advice could bring the "exit bankruptcy wild card" to the attention of the Court after an unfavorable ruling on an objection to exemption or on

an objection to discharge.[28]   The trustee would not be able to counter such a request with a motion brought under paragraph (4) because the trustee would not be able to establish the debtor attempted in good faith to file the missing payment advice.

Yet, since Congress did not amend the "unless the court orders otherwise" language found in former section 521(1) to read "unless the court orders otherwise and, in a voluntary Chapter 7 case filed by an individual or in a Chapter 13 case, specifically orders otherwise within 45 days after the filing of the petition" or words to that effect, this Court does not read the familiar language that now appears in section 521(a)(1)(B) to mean a court is prohibited from "ordering otherwise" once a case reaches the 46th day after the date of the filing of the petition.   Additionally, since the Court construes the "unless the court orders otherwise" provision to be one Congress intended to be applied on a case-by-case basis rather than across the board to all of the targeted cases,[29] this Court concludes it may "order otherwise" if it finds that entering an order of dismissal under section 521(i) would foster rather than prevent an abuse of process in a particular case.[30]

Therefore, in the future if a party in interest other than a trustee makes a section 521(i)(2) request in writing or during a hearing at which the United States Trustee or the

---

[28] The term "party in interest" is not defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.   Since Congress could have but did not use entity specific language, this Court finds no reason to conclude that use of the blanket term in 11 U.S.C. section 521(i)(2) excludes debtors.

[29] Though it is tempting to consider waiving the filing of payment advises or other evidence of payment in all cases due to concerns about identify theft in those cases in which debtors fail to redact sensitive personal information on the documents they file, this Court chooses to err on the side of caution in concluding that 11 U.S.C. section 521(a)(1)(B) as written is single case oriented because Congress would not have given courts free-reign to eliminate one or more of the prongs of section 521(a)(1)(B).

[30] To be very clear to debtors and their attorneys, this Court points out that preventing an abuse of process focuses on the best interests of creditors and the estate and not on saving a debtor or debtor's attorney from their own excusable neglect.   Hence, debtors and debtors attorneys should exercise great

chapter trustee is not present and if the docket appears to support that party's contention that the debtor failed to file all the information required by section 521(a)(1),[31] the Court will conduct a hearing on the matter within 5 days of the request.  If a trustee makes a section 521(i)(2) request in writing or during a hearing and if the docket supports the trustee's contention that the debtor failed to file all the information required by section 521(a)(1) and unless the Court has some reason to question whether dismissal will result in an abuse of process,[32] the Court will grant such request summarily.

CONCLUSION

WHEREFORE, for the reasons set forth in this Memorandum of Decision, the Court finds that the motion for relief from the order deeming this case dismissed pursuant to 11 U.S.C. section 521(i)(1) should be granted because no party in interest has requested the Court enter an order of dismissal pursuant to 11 U.S.C. section 521(i)(2).

A separate "Order and Notice Regarding Reinstatement of Chapter 7 Case, Extension of Deadline to File 11 U.S.C. § 523(c) and § 727 Complaints, and Extension of Deadline to Object to Exemptions" shall be entered accordingly and served on

---

care in complying with all the statutory filing requirements and in checking the docket to be sure what they think they filed is in fact what appears on the docket.

[31] It remains to be seen how often creditors will make 11 U.S.C. section 521(i)(2) requests.  Aside from utilizing the existence of that provision as leverage in negotiating reaffirmation agreements or plan terms in an 11 U.S.C. section 521(a)(1) deficient case, it is questionable whether a creditor in most instances will derive any real benefit from being able to ask a court to dismiss such a case.

[32] It remains to be seen how often trustees will make 11 U.S.C. section 521(i)(2) requests in lieu of or as a supplement to motions to dismiss pursuant to 11 U.S.C. section 707(a)(3) and 11 U.S.C. section 1307(c)(9).

everyone in this case.  Furthermore, the Chapter 7 and Chapter 13 Orders Regarding

Duties of Debtors shall be amended accordingly.

/s/ Lee M. Jackwig
Lee M. Jackwig
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter 7 Case